# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| TRACEY K. KUEHL et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PAMELA SELLNER et al., <br><br> Defendants. | No. 16-CV-2078-LRR |

_____

## ORDER SETTING CIVIL BENCH TRIAL
## AND REQUIREMENTS FOR THE PROPOSED FINAL PRETRIAL ORDER

*IT IS ORDERED:*

*I.* **TRIAL DATE**: This case has been placed on the calendar of United States District Court Chief Judge Linda R. Reade for a bench trial scheduled to commence at the United States Courthouse, Courtroom 1, 111 7th Avenue SE, Cedar Rapids, Iowa, on **August 1, 2016**. The exact dates and times of the trial will be set forth in a separate order.

*II.* **FINAL PRETRIAL ORDER**: The parties are jointly responsible for the preparation of the proposed Final Pretrial Order. *See* LR 16.1.b. Counsel for represented parties must prepare, agree upon and sign a proposed Final Pretrial Order prepared for Chief Judge Reade's signature in the format attached to this order. A copy of the proposed order must be received by Chief Judge Reade via e-mail at

1

Danielle_Cripe@iand.uscourts.gov **and** ecfmail@iand.uscourts.gov (but not filed) **by no later than Thursday, July 28, 2016**.[1]

  ***III.***   ***WITNESS AND EXHIBIT LISTS*:** Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order, in accordance with the instructions in the attached form order. The parties are not required to list rebuttal witnesses or impeachment exhibits; however, the exhibits should be marked as described in the following section. Proposed witness and exhibit lists must be exchanged by the parties (but not filed) **no later than Tuesday, July 26, 2016**. At the time the parties exchange their exhibit lists, they also must give written notice to all adverse parties of any intent to use a declaration under Federal Rules of Evidence 803(6), 902(11) or 902(12) to establish foundation for records of regularly conducted activities, and must immediately thereafter make the records and the declaration available for inspection. The parties have a continuing duty to keep the lists current and correct, with opposing parties and the court.

  ***IV.***   ***EXHIBITS*:** Exhibits must be prepared for trial in accordance with the following instructions:

  ***A. Marking of Exhibits.*** All exhibits must be marked by the parties before trial, in accordance with Local Rule 83.6.a. The plaintiff(s) must use numbers and the defendant(s) must use letters. *See* LR 83.6.a.1. Exhibits also must be marked with the case number. *See* LR 83.6.a.2. All exhibits longer than one page must contain page numbers at the bottom of each page. *See* LR 83.6.a.3. Personal Data Identifiers **must** be redacted from all exhibits. *See* LR 10.h.

---

[1] All documents e-mailed to Chief Judge Reade pursuant to this order should list the case name and number in the subject line. Opposing parties should be copied on each e-mail.

**B. Record in Kuehl et al. v. Sellner et al., *14-CV-2034-JSS*.** In the event the parties wish to have the court consider excerpts of transcripts from this trial, they shall mark them as exhibits and list them on their exhibit lists.

**C. Elimination of Duplicates.** The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the plaintiff's exhibit list.

**D. Listing of Exhibits and Objections.** Exhibits must be listed separately, unless leave of court is granted for a group exhibit. If a party objects to parts of an exhibit but not to other parts, the offering party must prepare separate versions of the exhibit, one that includes the parts to which objections are being asserted and another that redacts those parts.

**E. Copies for the Court.** **By no later than Thursday, July 28, 2016**, each party must supply Chief Judge Reade with a hard copy of all exhibits to be used at trial. The parties must place the hard copy in one or more three-ringed binders with a copy of the exhibit list at the front and with each exhibit tabbed. *See* LR 83.6.c. The parties may also supply Chief Judge Reade with a courtesy copy of the exhibits in PDF format on a compact disc. The court's copies of exhibits shall be separate from the original trial exhibits for the official records of the Clerk of Court. *See* LR 83.6.d.

**V.     TRIAL BRIEFS:** If the trial of a case will involve significant issues not adequately addressed by the parties in connection with any pretrial motions, the parties must prepare trial briefs addressing such issues and electronically file their trial briefs **by no later than Thursday, July 28, 2016**. *See also* LR 16.1.d.

**VI.    PROTOCOL FOR WITNESSES:** A party who may call a witness to testify at trial must, before the witness testifies, advise the witness of the accepted protocol for

witnesses testifying in this court. This advice should include the following information: (A) the location of the witness box; (B) the proper route from the courtroom door to the witness box; (C) the fact that the witness will be placed under oath; (D) where the witness should stand while the oath is being administered; (E) that the witness should adjust the witness chair and the microphone so the microphone is close to and directly in front of the witness's mouth; (F) that the witness should speak only in response to a question; (G) that the witness should wait for a ruling on any objections before proceeding to answer a question; (H) that the witness should answer all questions verbally; and (I) that substances such as food, beverages and chewing gum should not be brought into the courtroom.

A party also must advise the witness of proper dress for the courtroom. Proper dress <u>does not</u> include blue jeans, shorts, overalls, t-shirts, collarless shirts, shirts with printed words or phrases on the front or back, tank tops or the like.

## VII. *RESTRICTIONS ON WITNESSES*:

### A. *Exclusion of Witnesses*.

A witness who may testify at the trial or at an evidentiary hearing shall not be permitted to hear the testimony of any other witnesses before testifying, and is excluded from the courtroom during the trial or hearing until after the witness has completed his or her testimony, unless exclusion of the witness is not authorized by Federal Rule of Evidence 615 or unless the court orders otherwise. A witness who is excluded from the courtroom pursuant to this paragraph also is prohibited from reviewing a verbatim record of the testimony of other witnesses at the trial or hearing until after the witness has completed his or her testimony at the trial or evidentiary hearing, unless the court orders otherwise.

### B. *Restrictions on Communications with Witnesses*.

Unless the court orders otherwise, after the commencement of the trial or an evidentiary hearing and until the conclusion of the trial or hearing, a witness who may testify at the trial or hearing is prohibited from communicating with anyone about what has occurred in

4

the courtroom during the trial or hearing. If the witness does testify at the trial or hearing, after the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her attorney about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

***C. Parties.*** The restrictions on witnesses in paragraphs (A) and (B) of this Part do not apply to the parties or a party representative.

***D. Duties of Counsel.*** A party who may call a witness to testify at the trial must, before the trial, advise the witness of the restrictions in this section and the court's ruling on any motion in limine.

**VIII.** <u>**OPENING STATEMENTS; CLOSING ARGUMENTS**</u>**:** Opening statements are limited to **30 minutes** and closing arguments are limited to **60 minutes**. A request for additional time for opening statements or closing arguments must be made **by no later than Thursday, July 28, 2016**.

**IX.** <u>**COURTROOM TECHNOLOGY**</u>**:** Prior to trial, parties and witnesses who intend to utilize the technology available in the courtroom must familiarize themselves with the proper manner of operation of the equipment. Instruction and training on the proper use of the equipment may be obtained from the court's automation staff. Parties may request an appointment via iandml_helpdesk@iand.uscourts.gov or by calling 319-286-2300. Information also may be obtained from the court's website at the following web address: *www.iand.uscourts.gov*. The court encourages parties to consult the website, but such consultation is not a substitute for the requirement that parties must consult and train with the court's automation staff if they wish to use any of the courtroom equipment during trial.

If a party wishes to use video conferencing technology for the testimony of any witness, the party **must** contact the court's automation staff and complete a video conference "External End-Point Certification" form **by no later than Thursday, July 28, 2016**. The court will require at least one test connection prior to the start of trial. **Failure to comply with the court's requirements for video conferencing will result in the court denying the opportunity to have a witness testify via video conferencing.**

If a party wishes to connect a laptop computer to the courtroom equipment, the party **must** have the laptop computer tested by the court's automation staff **by no later than Thursday, July 28, 2016**. **Failure to have the laptop computer tested will result in the court denying the connection of the laptop computer to the courtroom equipment.**

If a party wishes to present evidence in the form of a VHS tape, a DVD, an audio cassette, an audio CD or any other form of media requiring use of the courtroom equipment, the party **must** have such items of evidence tested by the court's automation staff **by no later than Thursday, July 28, 2016** to ensure compatibility with the courtroom equipment.

*X.* *SETTLEMENT CONFERENCE***:** Any party desiring a settlement conference should contact the Magistrate Judge at 319-286-2340. Such contact should be made at the earliest opportunity. Such contact may be *ex parte* for the sole purpose of requesting a settlement conference. A settlement conference will be scheduled with a Magistrate Judge who will not be involved in trying the merits of the case.

*XI.* *SETTLEMENT DEADLINE***:** The court hereby imposes a settlement deadline of **Friday, July 29, 2016 at 5:00 p.m.** If the case is settled after that date, the court may enter an order to show cause why costs and sanctions should not be imposed on the party or parties causing the delay in settlement.

**IT IS SO ORDERED.**

**DATED** this 22nd day of July, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

7

**[*INSERT PARTIES AND CASE NUMBER*]**

**FINAL PRETRIAL
ORDER
(PROPOSED)**

**[*NOTE: Instructions for preparing this form appear in brackets and should not be reproduced in the proposed Final Pretrial Order. All material not appearing in brackets should be reproduced in the proposed Final Pretrial Order.*]**

This final pretrial order was entered on [date]. The court expects the parties to comply fully with this order. [*Full compliance with the order will assist the parties in preparation for trial, shorten the length of trial, and improve the quality of the trial. Full compliance with this order also will help "secure the just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1.*]

The following counsel or pro se party will try the case:

1. For plaintiff(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number [include area code]
   Facsimile Number [include area code]
   E-mail address [if available]

2. For defendant(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number [include area code]
   Facsimile Number [include area code]
   E-mail address [if available]

**I.      STIPULATION OF FACTS:**  The parties agree that the following facts are true and undisputed:*[The parties are to recite all material facts as to which there is no dispute.  Special consideration should be given to such things, for example, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, back pay, the economic value of fringe benefits, and property damage.  The parties should stipulate to an undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party, but in such instances the stipulated fact should be followed by an identification of the objecting party and the objection (e.g. "Plaintiff objects to relevance.")*]

  A.
  B.

**II.      EXHIBIT LIST:** The parties' exhibit lists are attached to this Order.*[The parties are to **attach to this order** (*not* include in the body of the order) exhibit lists that list all exhibits (except for impeachment exhibits) each party intends to offer into evidence at trial.  Exhibit lists are to be prepared in the attached format, indicating objections using the categories described in the form.*

*All exhibits are to be made available to opposing counsel for inspection by no later than Tuesday, July 26, 2016.  Failure to provide an exhibit for inspection constitutes a valid ground for objection to the exhibit, and should be noted on the exhibit list.*

*Any exhibit not listed on the attached exhibit list is subject to exclusion at trial.  The court may deem any objection not stated on the attached exhibit list as waived.*]

**III.      WITNESS LIST:**  The parties intend to call the following witnesses at trial:*[Each party must prepare a witness list that includes all witnesses (except for rebuttal witnesses) whom the party intends to call to testify at trial.  The parties are to exchange their separate witness lists by no later than Tuesday, July 26, 2016. The witness lists are to be included in the following format. A witness testifying by deposition must be listed in the witness list with a designation that the testimony will be by deposition.*]

  A. Plaintiff(s) witnesses *[list name, **substance of testimony**, whether any party objects to the witness, and the nature of and grounds for any objection*]:
    1.
    2.
  B. Defendant(s) witnesses *[list name, **substance of testimony**, whether any party objects to the witness, and the nature of and grounds for any objection*]:

1.
2.

All parties are free to call any witness listed by an opposing party. A party listing a witness guarantees his or her presence at trial unless it is indicated otherwise on the witness list. *Any objection to the offer of testimony from a witness on the witness list is waived if it is not stated on this list.*

## V. EVIDENTIARY AND OTHER LEGAL ISSUES:

    A.    Plaintiff(s) Issues:

        1.
        2.

    B.    Defendant(s) Issues:

        1.
        2.

[*The parties must list all unusual evidentiary and legal issues which are likely to arise at trial, including such things as disputes concerning the admissibility of evidence or testimony under the Federal Rules of Evidence; the elements of a cause of action; whether recovery is barred as a matter of law by a particular defense; disputes concerning the measure, elements, or recovery of damages; and whether the Statute of Frauds or the Parol Evidence Rule will be raised. The purpose of this listing of issues is to advise the court in advance of issues and problems that might arise at trial.*]

**IT IS SO ORDERED.**
**DATED** this _____ day of _____, 20____.

                                                    _____
                                                    **LINDA R. READE**
                                                    **CHIEF JUDGE, U.S. DISTRICT COURT**
                                                    **NORTHERN DISTRICT OF IOWA**

# (PLAINTIFF'S) (DEFENDANT'S) EXHIBIT LIST [*Form*]

The following categories have been used for objections to exhibits:

A. **Category A.** The exhibits shall be offered by the parties and admitted as evidence during trial before the parties seek to publish them to the court.

B. **Category B.** These exhibits are objected to on grounds **other than** foundation, identification, or authenticity. This category has been used for objections such as hearsay or relevance.

C. **Category C.** These exhibits are objected to on grounds of foundation, identification, or authenticity. This category **has not** been used for other grounds, such as hearsay or relevance.

| (Plaintiff's)(Defendant's) Exhibits | Objections [Cite Fed. R. Evid.] | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA) |
|---|---|---|---|---|
| 1. [*describe exhibit*] | | | | * |
| 2. [*describe exhibit*] | | | | |
| 3. [*describe exhibit*] | | | | |
| 4. [*describe exhibit*] | | | | |
| 5. [*describe exhibit*] | | | | |

[*This column is for use by the trial judge at trial. Nothing should be entered in this column by the parties.*]